*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-125

NOVEMBER TERM, 2011

| | | |
|---|---|---|
| Brenda Shores | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Addison Unit, |
| | } | Civil Division |
| | } | |
| Owen Jenkins | } | DOCKET NO. 169-6-10 Ancv |

Trial Judge: Nancy S. Corsones

In the above-entitled cause, the Clerk will enter:

Plaintiff in this legal malpractice action appeals pro se from a summary judgment in favor of defendant attorney. We affirm.

This is the second appeal to reach the Court in this matter. In Shores v. Jenkins, No. 2010-337 (Vt. Dec. 8, 2010) (unpub. mem), we reversed a superior court order dismissing plaintiff's pro se malpractice complaint for failure to state a cause of action, concluding that the trial court had relied on matters outside the pleadings, specifically evidence that there was no attorney-client relationship between plaintiff and defendant at the time of the underlying small claims action. We remanded with the observation that the trial court could, with proper notice, treat the motion to dismiss as a motion for summary judgment and afford plaintiff an opportunity "to show why the record does not conclusively undermine the claim against defendant." Id., slip. op. at * 2.

Following our remand, defendant moved for summary judgment. Plaintiff opposed the motion, and the court issued a written ruling in February 2011. The undisputed facts found by the trial court may be summarized as follows. In October 2007, plaintiff filed a small claims action against her landlords. The following month, landlords answered and counterclaimed for past rent due. In January 2008, plaintiff withdrew the small claims action because defendant had agreed to represent her on a pro bono basis in superior court, after at least two other attorneys had declined to do so. In late March 2008, however, plaintiff became dissatisfied with defendant's inaction and indicated that she intended to hire a different attorney. Defendant, in response, sent plaintiff a cover letter confirming her desire "to hire another attorney" together with the case file and superior court filing fee, and shortly thereafter moved to withdraw as plaintiff's counsel in the superior court. Plaintiff did not oppose the motion to withdraw, which the trial court granted.

Plaintiff then filed a motion to reopen the small claims action. The court granted the motion, and landlords thereupon refiled their counterclaim. Following a hearing in May 2008, the small claims court dismissed plaintiff's complaint and entered judgment in favor of landlords for $2199. The superior court affirmed the judgment, and this Court denied permission to appeal.

Based on the foregoing, the trial court here found that the only disputed fact was whether plaintiff and defendant had any meetings between the time defendant agreed to represent her and the time she fired him, and concluded that this was immaterial. The undisputed evidence showed that plaintiff had discharged defendant prior to the small claims action. Thus, there was no attorney-client relationship, and no duty of care. See Hedges v. Durrance, 2003 VT 63, ¶ 6, 175 Vt. 588 (mem.) (noting that an attorney malpractice action requires "the existence of an attorney-client relationship which establishes a duty of care"). Moreover, even if it could be argued that defendant should have met with plaintiff and filed her case during the short-lived representation, the court found no basis to conclude that the omissions harmed plaintiff's interests. There was no claim or showing that the brief delay in the small claims case resulted in the loss of evidence or fading of memories, and the court found that plaintiff was afforded a full and fair hearing in the small claims proceeding and on appeal to the superior court. See id. (noting that an attorney malpractice suit requires showing "that the negligence was the proximate cause of harm to plaintiff"). Accordingly, the court granted defendant's motion for summary judgment and dismissed the complaint.

Plaintiff subsequently moved for reconsideration, supported by an affidavit disputing that she had fired defendant. The court summarily denied the motion. This pro se appeal followed.

Plaintiff's pro se brief fails to state clearly and concisely the issues for review and plaintiff's arguments on appeal, with appropriate citations to the authorities and portions of the record relied on, as required by V.R.A.P. 28(a). Having nevertheless examined the record, we find no basis to disturb the judgment. Regardless of whether or not defendant was fired, it is undisputed that defendant had withdrawn as counsel with the trial court's permission, and therefore owed no duty of care to plaintiff in her unsuccessful small claims action. Furthermore, there is no showing that any possible omissions prior to that time had any adverse effect on the landlord-tenant dispute. Accordingly, we find no basis to disturb the judgment.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice

2